NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50052 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00079-JVS-2 |
| v. | |
| KAITLYN PHUONG NGUYEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 5, 2019**
Pasadena, California

Before: GOULD, NGUYEN, and OWENS, Circuit Judges.

Defendant-Appellant Kaitlyn Nguyen appeals from her conviction,

following a jury trial, for one count of conspiracy to distribute, and nine counts of

distributing, controlled prescription drugs outside the usual course of professional

practice and without a legitimate medical purpose, in violation of 21

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 841(a)(1) and 846. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Nguyen argues that the district court erred in admitting her post-arrest statements because they were coerced. However, there is no indication that Nguyen's "will was overborne" when she gave her post-arrest statement to the officer. *United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014) (en banc) (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000)). Rather, almost all of the relevant factors—including Nguyen's age, education, advisement of her constitutional rights, and brief detention—show that her statement was voluntary. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973) (summarizing relevant factors to determine whether a defendant's will was overborne). That Nguyen was petite, handcuffed, and still in a pajama dress (with a jacket) does not show that her "will was overborne" in light of the totality of the circumstances. *See Preston*, 751 F.3d at 1016.

2. Nguyen also contends that the district court erred in admitting testimony from family members of a deceased patient because it was unduly prejudicial under Federal Rule of Evidence 403. However, the district court did not err because the family testimony was probative of Nguyen's knowledge and intent, not "dragged in by the heels for the sake of its prejudicial effect." *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (quoting *United States v. Hankey*,

2

203 F.3d 1160, 1172 (9th Cir. 2000)).

3. Nguyen next argues that the district court erred in admitting audio recordings of Nguyen's patient visits because the government failed to lay sufficient foundation to identify Nguyen's voice on the tapes. However, a witness—who was familiar with Nguyen's voice based on a 30-minute phone call and 30-minute, in-person interview—testified that she heard Nguyen's voice on the audiotapes. Therefore, the district court did not err in admitting the audiotapes because the witness's identification was "based on hearing the voice at any time under circumstances that connect it with the alleged speaker." Fed. R. Evid. 901(b)(5).

In addition, for the first time on appeal, Nguyen appears to argue that the district court erred by failing to require the witness to listen to the tapes in open court. However, Nguyen cites no authority establishing such a requirement. And, to the extent Nguyen is actually alleging a defect in the tapes' chain of custody, that "goes to the weight, not the admissibility, of the evidence introduced." *United States v. Matta-Ballesteros*, 71 F.3d 754, 769 (9th Cir. 1995), *amended by* 98 F.3d 1100 (1996).

4. Finally, Nguyen argues that the district court erred by failing to provide the jury with each element of the instruction required under *United States v. Newhoff*, 627 F.3d 1163, 1167–68 (9th Cir. 2010). However, *Newhoff* only

3

governs readbacks of a transcript of witness testimony. *See id*. Here, the jury requested a playback of admitted audio exhibits. *See United States v. Chadwell*, 798 F.3d 910, 915 (9th Cir. 2015) (holding that the "concern for avoiding undue emphasis on particular trial *testimony*" is not present when "permitting a jury to view properly admitted exhibits" (emphasis in original)). Therefore, the *Newhoff* instruction was not required, and the district court did not err.

**AFFIRMED**.